

2006 OCT 31 PM 2: 16

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| RAYMAR McCOMBS, | CASE NO. 4:06 CV1777 |
| Petitioner, | JUDGE DAN AARON POLSTER |
| v. | |
| | MEMORANDUM OF OPINION AND ORDER |
| U.S. DEPT. OF JUSTICE, et al., | |
| Respondents. | |

On July 24, 2006, pro se petitioner Raymar McCombs filed the above-captioned "Motion for Execution of Custody Classification" pursuant to 28 U.S.C. § 2241, 18 U.S.C. §§ 3583 and 4042(c). Mr. McCombs, who is incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), names the United States Department of Justice, the Bureau of Prisons (BOP), and F.C.I. Elkton Warden T.R. Sniezek as respondents. Petitioner maintains that his Fifth and Sixth Amendment rights are being violated by respondents because they are improperly classifying him as a sex offender. He complains that the classification is inconsistent with Congressional intent because it is based on a "prior State Court Probation." He now seeks an order from the court vacating and reversing "the BOP's sex offender judgment against him." (Pet. at 5.)

*Background*

Mr. McCombs was convicted in the Juvenile Court of Pittsburgh, Pennsylvania on November 4, 1991 of inappropriate sexual advances towards a female juvenile. The court sentenced him to a term of probation. Eleven years later, he pleaded guilty to conspiracy to distribute and possession with intent to distribute 5 or more kilograms of cocaine in the United States District Court for the Western District of Pennsylvania. He was sentenced by the district court to a term of 70 months in prison.

After Mr. McCombs was incarcerated in federal prison, a Public Safety Factor (PSF) of "Sex Offender" and a "minor violence greater than ten years" score were placed on his Custody Classification Form. As a result, he filed an Informal Resolution Form with a staff member at F.C.I. Elkton on December 20, 2005. In his request, Mr. McCombs maintained that, while he was adjudicated delinquent at the age of fifteen, he was "never found guilty in a court, neither was I charged as an adult for said act of Indecent Assault." (Pet.'s Ex. A., BP-8 at 2.) He claims that when he was sentenced by the juvenile court judge, he was never adjudicated a sex offender or required to register as one. Considering these facts, he argued that the BOP was misapplying his violence score in violation of his due process rights, as well as BOP policy statement 5100.07. An informal resolution was not accomplished.

On January 27, 2006, petitioner appealed his Request for Administrative Remedy to the warden, who denied the appeal on February 7, 2006. Warden Sniezek determined that the PSF of "Sex Offender" was appropriately applied and that Mr. McCombs should be housed in a low-security level facility.

In his Regional Administrative Remedy Appeal, dated February 22, 2006, petitioner

again argued that he should not have to register as a sex offender upon release from prison and that the PSF should be removed. In his response, Mr. Dodrill noted that BOP records reflected the fact that Mr. McCombs's conviction for Indecent Assault involved petitioner grabbing his own genitalia as well as the breasts and buttocks of a juvenile female. He reasoned that because BOP Program Statement 5100.07, Security Designation and Custody Classification Manual, applied the "Sex Offender" PSF to any "inmate whose behavior in the current term of confinement or prior history involved engaging in any sexual contact with a minor or other person physically or mentally incapable of granting consent"(Pet. Ex. A, BP-10), the classification was appropriately applied to Mr. McCombs. With regard to his conviction for this offense as a juvenile, Mr. Dodrill noted that the BOP was not required to notify local officials of his release under Program Statement 5141.02, Sex Offender Notification and Registration. Therefore, the Regional Director denied his request for reclassification, but granted his request to have the notification requirement removed on March 28, 2006.

Mr. McCombs completed the exhaustion process by appealing the Regional Director's partial denial of his request to the BOP's General Counsel. The Administrator for National Inmate Appeals, Harrell Watts, denied petitioner's appeal stating, "[v]iolence history is considered only for those acts for which there are documented findings of guilt, and takes into consideration the entire background of criminal violence . . . .. We find the court not only found your conduct in the incident in question to be inappropriate, but unwanted. . . . Based on the context of our information, we find your conduct was aggressive and intimidating, and clearly imposing the threat of bodily harm." (Pet. Ex. A, BP-11.) Thus, his request to the have the Sex Offender PSF removed was denied.

3

In his petition before this court, Mr. McCombs reasserts the argument that he cannot be classified as a sex offender under 18 U.S.C. § 4042(c) based on his state conviction as a juvenile. Since the BOP already granted his request that the BOP not provide § 4042 notice to State and local authorities that he is a sex offender, the court need not address that issue. What remains, however, is his assertion that he has been improperly classified and that this classification violates his constitutional rights.

## *28 U.S.C. §2241*

Regardless of the nature of the § 2241 petition before a court, the statute mandates that the "writ . . . shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, because Mr. McCombs directs the petition to the warden at his present place of confinement, this court has personal jurisdiction over his custodian who is the proper respondent. See 28 U.S.C. § 2243 (district court shall direct a writ of habeas corpus "to the person having custody of the person detained"); Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 494-95(1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") However, for the reasons set forth below, Mr. McCombs is not entitled to § 2241 relief.

## *18 U.S.C. § 4081*

The procedures by which prisoners are classified is a matter within the discretion of the Attorney General, as delegated to the Director of the BOP. See 18 U.S.C. § 4081; 28 C.F.R. § 0.96; see e.g., Peck v. Hoff, 660 F.2d 371 (8th Cir.1981). Thus, as a matter of law, claims based on classification procedures do not state a constitutional violation. See Moody v. Daggett, 429 U.S. 78 (1976). Congress has given federal prison officials "full discretion" to control the conditions of

confinement, and prisoners have no legitimate constitutional entitlement to invoke due process claims on that basis. Id. at 88, n. 9. Accordingly, Mr. McCombs has failed to state a claim for habeas relief based on his BOP classification as a Sex Offender.

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE